UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. EDWARDS,<br><br>         Plaintiff,<br><br>v.<br><br>ROCKY GALGANO and THE STAR MANAGEMENT COMPANY,<br><br>         Defendants. | Case No.: 23-CV-291-JLS (MSB)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT FOR FAILURE TO PREPAY FILING FEE**<br><br>(ECF Nos. 1 & 2) |

  Presently before the Court are Plaintiff Kenneth G. Edwards's Complaint ("Compl.," ECF No. 1) and Motion to Proceed *in Forma Pauperis* ("IFP Mot.," ECF No. 2). Having considered Plaintiff's IFP Motion and the applicable law, the Court **DENIES** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to prepay the requisite filing fee.

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14

prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

As an initial matter, Plaintiff submitted his IFP Motion on the wrong form. The Court therefore directs Plaintiff to the United States District Court for the Southern District of California's form IFP motion, available at https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed%20Without%20Prepayment.pdf.

Even overlooking this issue, however, Plaintiff's incomplete attestations do not demonstrate with "particularity, definiteness, or certainty" that Plaintiff lacks the financial resources to pay the $402 filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citation omitted). Specifically, while Plaintiff indicates that he receives "VA DISABILITY 80%," *see* IFP Mot. at 3, he fails to specify the monthly dollar amount, and he also fails to quantify his monthly expenses. Plaintiff further fails to provide any answer to questions concerning his debts and assets. *See id.* Accordingly, the Court lacks sufficient information to assess Plaintiff's poverty and therefore **DENIES** Plaintiff's IFP Motion. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that cures the above-noted deficiencies.

/ / /

/ / /

---

(eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiff is **GRANTED** an additional <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $402 statutory and administrative filing fee, or (2) file a new IFP Motion, on the proper form, alleging that he is unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP Motion, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice.***

**IT IS SO ORDERED.**

Dated: February 28, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge