UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. EDWARDS,<br><br>         Plaintiff,<br><br>v.<br><br>ROCKY GALGANO and THE STAR MANAGEMENT COMPANY,<br><br>         Defendants. | Case No.: 23-CV-291 JLS (MSB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING AS MOOT MOTION TO VACATE; AND (3) DISMISSING WITHOUT PREJUDICE COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>(ECF Nos. 1, 6 & 7) |

   Presently before the Court are Plaintiff Kenneth G. Edwards's Complaint ("Compl.," ECF No. 1), Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 7), and Motion to Vacate Dismissal Order and Accept Plaintiff's Correct Motion to Proceed Without Prepayment of Fees and Costs ("Mot. to Vacate," ECF No. 6). Having considered Plaintiff's Complaint, his IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion, **DENIES AS MOOT** Plaintiff's Motion to Vacate, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim.

/ / /

/ / /

## PROCEDURAL BACKGROUND

Plaintiff initiated this action on February 14, 2023, when he filed his Complaint and his initial IFP Motion. *See* Compl.; ECF No. 2. On February 28, 2023, the Court found Plaintiff's initial IFP Motion defective and denied it without prejudice, granting Plaintiff thirty days in which to either pay the filing fees or file an IFP Motion that cured the defects of the original. *See* ECF No. 4. At that time, the Court also dismissed without prejudice the Complaint for failure to pay the filing fees.

On March 20, 2023, Plaintiff timely filed the instant IFP Motion. *See* IFP Mot. He also filed a Motion to Vacate, asking the Court to accept his IFP Motion and vacate the February 28, 2023 dismissal order. *See* Mot. to Vacate.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id*. The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id*.

Here, Plaintiff indicates that he receives $1,970.00 per month in disability payments. IFP Mot. ¶ 1. He has not been employed during the past two years. *Id*. ¶ 2. He has $0 in

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

cash and $2.13 on a prepaid debit card. *Id.* ¶ 4. Plaintiff owns no assets of value. *Id.* ¶ 5. Plaintiff's estimated monthly expenses total $1,956.00. *Id.* ¶ 8. Plaintiff does not expect any major changes to his income, expenses, assets, or liabilities in the coming twelve months. *Id.* ¶ 9. Based on the foregoing, the Court concludes that paying court costs would result in Plaintiff being unable to afford the "necessities of life," *Escobeda*, 787 F.3d at 1234, and accordingly **GRANTS** Plaintiff's IFP Motion. In light of the Court's consideration and disposition of the timely IFP Motion on the merits, the Court further **DENIES AS MOOT** Plaintiff's Motion to Vacate.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I.   Standard of Review

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, is malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Plaintiff's Factual Allegations

Plaintiff is a Navy veteran who was placed in El Capitan Mobile Home Park ("El Capitan") by the U.S. Department of Housing and Urban Development–U.S. Department of Veterans Affairs Supportive Housing ("HUD-VASH") Program. Compl. at 1–2. Defendant Rocky Galgano is the on-site Manager of El Capitan, and Defendant The Star Management Company ("Star") is the property management company that manages El Capitan. *Id.*

With the assistance of a HUD-VASH Program housing assistant, Plaintiff completed a rental application for El Capitan in 2019. *Id.* at 2. Five weeks later, Defendant Galgano informed Plaintiff that his application had been approved. *Id.* Two weeks after Plaintiff moved in, his African American sister and two of Plaintiff's nieces stayed with Plaintiff while their apartment was being renovated. *Id.* Plaintiff's sister owns a small dog that she or Plaintiff's nieces would walk multiple times each day. *Id.* Defendant Galgano spoke

"rudely" and "gruffly" to Plaintiff's sister and nieces during these walks and told them that no dogs were allowed, despite several tenants owning and walking dogs in the complex. *Id.*

In 2022, Plaintiff helped a fellow veteran by allowing him, his aging mother, and his two minor daughters to stay with Plaintiff while awaiting a housing placement. *Id.* These guests, too, were African American, and Defendant Galgano was "rude and gruff" to them as well. *Id.* Defendant Galgano also has referred to Plaintiff and his various guests as "you people." *Id.*

Plaintiff alleges that, since 2020, Defendant Galgano, with Star's knowledge and approval, has issued Plaintiff six "Three-Day Notices to Pay or Quit" threatening Plaintiff with eviction. *Id.* Plaintiff claims these eviction notices were issued "in an never ending effort to have plaintiff evicted," *id.*, and that Defendants "create[ed] false rental payment records to justify eviction," *id.* at 3.

In 2022, Star told Plaintiff he owed $6,000 in rental arrears, and in September 2022, Star filed an unlawful detainer action in state court against Plaintiff for $1,800 in alleged rental arrears. *Id.* at 2. After Plaintiff was served with the unlawful detainer action, Defendant Galgano asked Plaintiff "how much money would he accept to move," and told him "not to worry about the suit it would be dropped." *Id.* Plaintiff verified with the state court, however, that the unlawful detainer action had not been dropped, and he claims that Defendant Galgano's statements were intended "to get a default and force plaintiff out." *Id.*

The Complaint asserts two causes of action: the first for discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), and the second for "creating false rental payment records to justify eviction." *Id.* at 3.

### III. Analysis

#### A. FHA Claim

"The FHA makes it unlawful to: (1) deny a dwelling to any person because of race; (2) discriminate against any person in the *terms, conditions* or privileges of rental of a

dwelling because of race; and (3) coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of any right granted or protected by §§ 3603–06 of this title." *Harris v. Itzhaki*, 183 F.3d 1043, 1052 (9th Cir. 1999) (internal citations omitted) (emphasis in original). The statute further "makes it unlawful for owners or their agents to make any statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on color or an intention to make any such preference, limitation or discrimination. Furthermore, HUD states that 42 U.S.C. § 3604(c) applies to all oral notices or statements by a person engaged in the rental of a dwelling." *Id.* at 1054 (citations, including internal citations, omitted). To state a prima facie claim for FHA discrimination, a plaintiff must allege "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Id.* at 1051.

Construing Plaintiff's pro se Complaint liberally, Plaintiff either explicitly or implicitly alleges that Defendants engaged in a long-running and fraudulent campaign to evict Plaintiff from his rental property because of his race, and that Defendant Galgano treated Plaintiff and his guests disparately on the basis of their race. Plaintiff claims Defendants further attempted to mislead him into defaulting in an unlawful detainer suit premised on fraudulent records in order to evict him on the basis of his race.

However, Plaintiff fails to allege adequately any "distinct and palpable injury" he suffered as a result of Defendants' conduct. *Harris*, 183 F.3d at 1051. For example, Plaintiff does not indicate whether he was in fact evicted due to Defendants' fraudulent acts, therefore incurring monetary expenses, such as moving expenses or increased rent, he might otherwise have avoided; or whether he suffered compensable emotional distress. *See Ambruster v. Monument 3: Realty Fund VIII Ltd.*, 963 F. Supp. 862, 865 (N.D. Cal. 1997) (recognizing moving costs, increases in rent, and emotional distress as recoverable damages under the FHA). Plaintiff's request for specific sums in compensatory damages, without more, fails to demonstrate a "distinct and palpable injury." *See, e.g.*, *Golden Gate Transactional Independent Serv., Inc. v. California*, Case No. CV 2:18-CV-08093 SJO

(AGRx), 2019 WL 1718691, at *4 (C.D. Cal. Jan. 22, 2019) (dismissing FHA claim with leave to amend for failure to adequately allege injury when the pleading claimed only that the plaintiffs had "suffered harm and damages as a result of Defendants' conduct") (internal quotation marks and citation omitted).

Accordingly, the Court finds that the Complaint fails to state a claim for violation of the FHA and **DISMISSES WITHOUT PREJUDICE** the claim.

**B.     Fraud Claim**

Although a district court with original jurisdiction over a federal claim, like Plaintiff's FHA claim, has supplemental jurisdiction over related state-law claims, like Plaintiff's fraud claim, *see* 28 U.S.C. § 1367(a), a court may decline to exercise said supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction, *see id.* § 1367(c)(3).  Here, regardless of whether the Court, in its discretion, exercises supplemental jurisdiction over Plaintiff's state-law fraud claim, the claim is defective and subject to dismissal for much the same reason as Plaintiff's FHA claim.

"Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citations and internal quotation marks omitted).  Pursuant to Federal Rule of Civil Procedure 9(b), courts apply a heightened pleading standard to actions that sound in fraud.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

Broadly construed, the Complaint alleges false statements by Defendants (that Plaintiff was in arrears on rent when he was not, and that the unlawful detainer action "would be dropped" when it was not) and Defendants' knowledge of the statements' falsity and intent to defraud (the statements were made "to get a default and force plaintiff out"). *See* Compl. at 2.

/ / /

Again, however, Plaintiff fails to allege his reliance on and damage as a result of these false statements. In fact, Plaintiff alleges that he confirmed with the court that the unlawful detainer action was not dropped, contrary to Defendant Galgano's assurances to Plaintiff. Further, because this claim sounds in fraud, additional specificity, for example, the date and manner in which the allegedly false statements were made, is required to survive dismissal.

Accordingly, the Court finds that the Complaint as presently pleaded fails to state a claim for fraud and **DISMISSES WITHOUT PREJUDICE** the claim.

## CONCLUSION

In light of the foregoing and good cause appearing, the Court hereby:

1. **GRANTS** Plaintiff's IFP Motion (ECF No. 7);

2. **DENIES AS MOOT** Plaintiff's Motion to Vacate (ECF No. 6); and

3. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim.

Plaintiff **MAY FILE** an amended complaint curing the deficiencies of pleading noted above on or before June 9, 2023. Any amended complaint must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

***Should Plaintiff fail to file an amended complaint on or before June 9, 2023, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

///

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: April 25, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge